# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

33h    145<br>66 AD   33

MARTIN KEDIAN AND ANOTHER, RESPONDENTS, v. JOSEPH B. HOYT, APPELLANT.

*A trustee is personally liable for work done for, and materials furnished to, the trust estate — principal and agent — the agent cannot recover commissions included in the bills of persons from whom he purchases supplies for his principal.*

APPEAL from a judgment in favor of the plaintiffs, entered on the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought against the defendant to recover the value of work, labor and materials performed for, and supplied to, the estate of which the defendant was trustee, and for money paid out upon the accounts of other persons alleged to have been employed by the plaintiffs for similar purposes, with the authority of the defendant.

The court at General Term, after holding that the evidence justified the jury in finding in favor of the plaintiffs, said : " The right of the plaintiffs to maintain the action against the defendant, individually, was also made the subject of controversy upon the trial, but as the jury were justified by the proof in their conclusion that the materials had been furnished and the labor had been performed under the authority of the defendant, although he was the trustee of an estate, an action against him individually for the amount due could regularly be maintained. (*Austin v. Munro*, 47 N. Y., 360 ; *New v. Nicoll*, 73 id., 127, 131.) * * *

" It appeared by the testimony given on the part of the plaintiffs on the trial that they were allowed a rebate of ten per cent upon the bills made by the persons employed by them to do other work and furnish other materials for the building required to be repaired.

HUN—VOL. XXXIII    19

" And this ten per cent was included in the bills for which they claimed payment from the defendant. And it was allowed to be recovered at the trial, upon proof that it was customary for persons having a job of this description to receive ten per cent rebate from the persons employed by them to perform labor or supply material for the work. No authority was derived from the defendant to receive from the persons furnishing the bills and charge against the defendant this rebate of ten per cent. But the right to reserve it was placed entirely upon the existence of such a custom. This custom was vicious and unlawful. ( *Wadley* v. *Davis*, 63 Barb., 500–504.)

" It was inconsistent with the obligations of fidelity to the interests of the principal which the law requires to be observed by his agent. For the law does not permit an agent to reserve a profit or benefit to himself in discharging duties required to be performed by him on behalf of his principal. To reserve such a benefit for himself is a fraud which the law will not tolerate. The agent is required to act disinterestedly and with fidelity in the promotion of the interests of the person or persons who have employed him. And if he fails to do that, and by that failure secures a profit or advantage to himself, he is bound to account for that to his principal. This obligation was considered in *Dutton* v. *Willner* (52 N. Y., 312), where it was held that ' all profits and every advantage beyond lawful compensation, made by an agent in the business, or by dealing or speculating with the effects of his principal, though in violation of his duty of agent, and though the loss, if one had occurred, would have fallen on the agent, are for the benefit of the principal." * * * The rule which places it beyond the power of the agent to profit by such transactions is founded upon considerations of policy and is intended not merely to afford a remedy for discovered frauds, but to reach those which may be concealed, and also to prevent them by removing from agents and trustees all inducement to attempt dealing for their own benefit in matters which they have undertaken for others or to which their agency or trust relates. (Id., 319.)

" In undertaking his employment, the agent pledges his integrity and his fidelity to his principal; and it is a fraud upon his principal to attempt to make use of his position to promote his own advantage, at the expense of his principal, and ' any usage by which an

agent claims to appropriate such profits is nefarious and fraudulent, and as such will be repudiated by the courts.' (Whart. on Agency, §§ 238, 240.) This subject was further considered in *Rockford, etc., Railroad Company* v. *Boody* (56 N. Y., 456, 461); *Morrison* v. *Ogdensburg Railroad Company* (52 Barb., 173, 179); *Harrington* v. *Victoria Dock Company* (L. R., 3 Q. B. Div., 549); *Smith* v. *Sorby* (Id., 552), and *Panama Telegraph Company* v. *India Rubber Company* (L. R., 10 Ch. App., 515), and these general principles were uniformly approved. In the last case it was declared that any surreptitious dealings between one principal and the agent of the other is a fraud on such other principal. (Id., 526.) \* \* \*

"This mode of dealing, as already observed, was fraudulent and improper, and violated the obligations arising out of the relations between the plaintiffs, so far as they had been employed by him. But while that is the legal result, it did not deprive the plaintiffs of their right to reimbursement of the amount actually paid to these other persons. To that extent the estate represented by the defendant had been benefited. An equivalent consideration had been received, for which the defendant was liable to make payment, and there was no error therefore in denying the application made on his behalf to amend the answer on the trial in such a manner as to allow this misconduct to be relied upon as a legal defense against the entire claim made for money paid out. The fraudulent misconduct of the plaintiffs did not affect their right to reimbursement for that amount. For it extended no further than the claim for the ten per cent allowed to them, and not paid out by them in the discharge of their duties as the defendant's agents.

*Stewart L. Woodford*, for the appellant.

*John M. Bowers*, for the respondents.

Opinion by Daniels, J.; Davis, P. J., and Haight, J., concurred.

Judgment reversed and new trial ordered, costs to abide event, unless plaintiffs stipulate as directed in opinion, in which case judgment affirmed as reduced, without costs.